## BACON *versus* DENNING.

An attachment of land creates no lien, as against a subsequent purchaser, unless the attaching officer certify to the register of deeds, *all* the sums sued for, and included in the creditor's judgment.

WRIT OF ENTRY.

One Hilbourne owned the land in 1848. It was then attached, as his property, by the plaintiff, upon a writ which embraced two separate demands; one upon a note for $33,81, and the other upon an account for $39,00. The precept of the writ was to attach property to the value of $100. The attaching officer, in his return to the register of deeds, certified that "the sum sued for was a note, dated, &c., for $33,81. *Ad damnum*, $100."

Hilbourne conveyed the land in 1849, to a person who conveyed it to the demandant in 1850. The plaintiff obtained judgment for $118,31 in said suit, on *both* his demands, Dec. 5, 1849, and levied the land within thirty days afterwards. The defendant makes title under that levy. The case was submitted to the Court for a legal decision.

*Black*, for the plaintiff.
*Perry*, for the defendant.

SHEPLEY, C. J., orally. — The statute, chap. 114, sect. 32, provides that, in order to create a lien by attachment of real estate, the attaching officer shall file with the register of deeds a certificate, expressing, (among other things,) " the sums sued for." No lien could therefore be created for any claim beyond that specified in the officer's certificate. But in this case, the judgment was taken and the land was set off not only for the claim so specified, but also for another demand. More land was, therefore, taken than was covered by the attachment lien. That excess was unlawfully taken from the demandant's grantor. As there is no mode of separating that part from the residue of the land, the whole levy was void, as against the demandant's grantor, whose conveyance to the demandant, therefore, passed the title, free from any incumbrance by the attachment.

*Judgment for the demandant.*